

CT Corporation
Service of Process Notification
06/23/2022
CT Log Number 541801610

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | **Wal-Mart Stores Texas, LLC** (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BROWNLEE NICOLE // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Certificate |
| **COURT/AGENCY:** | 11th Judicial Court of Harris County, TX<br>Case # 202236716 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 06/20/2020, at 26270 Northwest Freeway, in Harris County, Texas |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/23/2022 at 04:00 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Gilbert Garza<br>Adley Law Firm LTD, LLP<br>1421 Preston Street<br>Houston, TX 77002<br>713-977-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/24/2022, Expected Purge Date: 06/29/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
06/23/2022
CT Log Number 541801610

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jun 23, 2022
**Server Name:** Krystal Jones

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 202236716 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



Receipt Number: 954377
Tracking Number: 74018973

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202236716

| | |
|---|---|
| PLAINTIFF: BROWNLEE, NICOLE | In the 011th Judicial |
| vs. | District Court of |
| DEFENDANT: WAL-MART STORESTEXAS INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES TEXAS LLC MAY BE SERVED BY SERVNG ITS REGISTERED AGENT
C T CORPORATION SYTEM
1999 BRYAN STS SUITE 900
DALLAS TX 75201

Came To Hand: ___/___/___
Delivered: ___/___/___
By: _____

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 17, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 22, 2022.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CECILIA THAYER

Issued at request of:
GARZA, GILBERT
1421 PRESTON STREET
HOUSTON, TX  77002-0000
713-977-9000
Bar Number: 24032221

Case 4:22-cv-02435 Document 1-2 Filed on 07/22/22 in TXSD Page 5 of 10

*2022-36716 / Court: 11*

6/17/2022 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65568058
By: Cecilia Thayer
Filed: 6/17/2022 3:50 PM

CAUSE NO. _____

| | | |
|---|---|---|
| NICOLE BROWNLEE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC, ET AL. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nicole Brownlee ("Plaintiff"), Plaintiff in the above-entitled and numbered cause of action, complaining of Wal-Mart Stores Texas, LLC and Walmart Inc. (collectively "Defendants"), and for cause of action would respectfully show unto this Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.1    Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff designates this matter as a Level 2 case for discovery purposes.

### II.

### PARTIES

2.1    Plaintiff is individual who resides in Harris County, Texas.

2.2    Defendant, Wal-Mart Stores Texas, LLC, is a foreign limited liability company that may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

2.3    Defendant, Walmart Inc., is a foreign corporation that may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

### III.

### VENUE

3.1    Venue is proper in Harris County, Texas pursuant to § 15.002 of the Texas Civil Practice and Remedies Code in that the events and/or omissions giving rise to this cause of action occurred in Harris County, Texas.

### IV.

### FACTS

4.1    On or about June 20, 2020, Plaintiff was an invitee at Defendants' store at or near 26270 Northwest Freeway, in Harris County, Texas. At that time, Plaintiff slipped and fell due to a dangerous condition on the ground. This condition created a slip hazard. No signage or other safety precautions were present to warn patrons of the unsafe condition of the premises. As a result, Plaintiff suffered personal injuries.

### V.

### CAUSE OF ACTION

5.1    Plaintiff incorporates herein by reference Paragraph 4.1 for all purposes as if set forth verbatim.

5.2    This cause of action is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation resulting directly and proximately from personal injuries suffered in an incident occurring on or about June 20, 2020.

5.3     Plaintiff would show that she was an invitee on the premises owned and/or under the custody and/or control of Defendants at the time of, and at all times relevant to, this cause of action. Specifically, Plaintiff would show invitee status in that she was a customer. Plaintiff entered the premises with Defendants' knowledge and for their mutual benefit. Defendants thus owed Plaintiff the duty to inspect the premises and maintain the premises in a reasonably safe condition.

5.4     Plaintiff would further show that Defendants owned, occupied, and/or controlled the premises at the time of, and at all times relevant to, this cause of action.

5.5     Plaintiff would further show that the condition of the premises posed an unreasonable risk of harm.

5.6     Plaintiff would further show that Defendants knew or reasonably should have known of the condition of the premises and/or the subject vending machine because:

a.      Defendants, or their agents, servants, or employees actually caused the condition in controversy;

b.      Defendants were on notice of the dangerous condition; and/or

c.      The dangerous condition existed for an extended period of time.

5.7     Defendants breached their duty of care by both failing to make the condition on the premises reasonably safe and failing to adequately warn Plaintiff and others of the condition.

5.8     Defendants breached their duty of care by both failing to maintain its premises in a safe condition.

5.9     Defendants breached their duty of care by both failing to properly train and supervise its employees so as to avoid unreasonable risk of harm to invitees through incidents such as the one giving rise to this lawsuit.

5.10 Defendants' failure to use reasonable care with regard to its premises was the proximate cause of Plaintiff's damages as described more fully below.

5.11 Defendants' breach was the proximate cause of Plaintiff's damages as described more fully below.

## *VI.*

## DAMAGES

6.1 At the time of trial of this cause, Plaintiff shall ask this Court to submit the following elements of damage for its consideration of what sum of money, if paid now in cash, would fairly and reasonably compensate her for said damages. These injuries and damages, which are a direct, proximate and/or producing result of Defendants' conduct, are as follows:

    a. Physical pain and suffering experienced by Plaintiff in the past and future which directly flowed from or are inferred to or presumed to flow from the accident and said injuries;

    b. The emotional pain, torment and suffering (mental anguish) that Plaintiff has experienced in the past; and the emotional pain, torment and suffering (mental anguish) that Plaintiff will, in reasonable probability, experience in the future;

    c. Medical expenses incurred by Plaintiff in the past and in the future as a result of the Plaintiff's injuries which, in all reasonable medical probability, are reasonable in amount and necessary for the treatment of Plaintiff's injuries; and

    d. Lost wages.

6.2 Plaintiff's damages are within the jurisdictional limits imposed upon this Court.

6.3 Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final proof thereof, Plaintiff have judgment against Defendants for damages as described herein in a sum within the jurisdictional limits of the Court, that Plaintiff have pre- and post-judgment interest at the legal rate from date of entry until paid, costs of court and other and further relief, general and special, legal or equitable, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**ADLEY LAW FIRM LTD, LLP**

*/s/ Gil Garza*
_____

KEVIN ADLEY
SBN 00790207
GILBERT GARZA
SBN 24032221
1421 Preston St.
Houston, Texas 77002
Telephone: (713) 977-9000
Telecopier: (713) 977-9050
Email: ggarza@adleylaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert Garza on behalf of Gilbert Garza
Bar No. 24032221
ggarza@adleylaw.com
Envelope ID: 65568058
Status as of 6/21/2022 8:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Gilbert Garza | | ggarza@adleylaw.com | 6/17/2022 4:50:38 PM | SENT |
| Olga Olalde | | oolalde@adleylaw.com | 6/17/2022 4:50:38 PM | SENT |